**UNITED STATE DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| VIRGINIA PAKENAS, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>THE HARTFORD FIRE INSURANCE )<br>COMPANY, )<br>)<br>Defendant ) | CIVIL ACTION NO.:<br><br>3:05cv1374 (CFD)<br><br><br>COMPLAINT |

### INTRODUCTION:

1. Plaintiff, a former employee of Defendant, brings this action to recover from Defendant unpaid overtime compensation, an additional amount as liquidated damages, attorney's fees and costs, and such other and further relief as the Court may deem fair and just, pursuant to §16(b) of the Fair Labor Standards Act of 1938 as amended; 29 U.S.C. §216(b); hereinafter referred to as the Act.

### JURISDICTION AND VENUE:

2. This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §216, 28 U.S.C. §1331 and 28 U.S.C. §1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."

3. Venue is proper in this District under 28 U.S.C. §1391(e).

### PARTIES:

4. Plaintiff, Virginia Pakenas, is a resident of Chesterfield, Virginia, and, for all relevant time, was an employee of Defendant in Simsbury, Connecticut.

5. Defendant, the Hartford Fire Insurance Company, is a corporation duly organized and existing under the laws of the State of Connecticut, having an office and place of business located in Hartford, Connecticut, within the territorial jurisdiction of this Court, and, at the times hereinafter mentioned, Defendant employed Plaintiff.

FACTS:

6. For all relevant time, Defendant was engaged in commerce within the meaning of Section 3(b) of the Act, 29 U.S.C. §203(b) and in the business of developing, preparing, selling and otherwise distributing insurance plans and policies to customers within and without this state.

7. During the period from on or about June 15, 2002 through August 2, 2003, Plaintiff was a salaried employee in the Regulatory Compliance & Contracts Department or its predecessor(s) of Defendant.

8. During such period of employment, Plaintiff was engaged in the building and issuing of final insurance contracts for Defendant.

9. A substantial portion of the products produced by Plaintiff were produced for interstate commerce in that they were in fact shipped and delivered by Defendant in interstate commerce, or were produced with the knowledge and intention on the part of Defendant that such shipment, delivery and sale of insurance products in interstate commerce would occur.

10. In her performance of the operations hereinabove described, Plaintiff was engaged in commerce or in the production of goods for commerce within the

meaning of sections 3(b), 3(i), 3(j), and 7(a) of the Act. 29 U.S.C. §§203(b), 203(i), 203(j), and 207(a).

11. For the aforesaid time, Defendant employed Plaintiff, who was engaged in commerce or in the production of goods for commerce, as described hereinabove, for many workweeks longer than 40 hours, and failed and refused to compensate Plaintiff or such work in excess of 40 hours at rates not less than one and one-half times the regular rate at which Plaintiff was employed, contrary to the provisions of §7(a) of the Act. 29 U.S.C. §206(a).

12. Defendant's refusal and failure to pay Plaintiff overtime compensation due her was willful.

13. The sum due Plaintiff for such overtime compensation is $51,625.50.

RELIEF REQUESTED:

WHEREFORE, Plaintiff respectfully requests this Court to grant the following relief under the Act:

14. Declare the obligations and duties of the Defendant, Hartford Fire Insurance Company to comply fully with requirements of Section 6(a) of the Fair Labor Standards Act; 29 U.S.C. §206(a);

15. Award Plaintiff compensatory damages for unpaid salary and other compensation due Plaintiff;

16. Award Plaintiff interest on salary and other compensation wrongfully withheld from her by Defendant;

17. Award Plaintiff liquidated damages;

18. Award Plaintiff her costs, attorney's fees and disbursements, and

19. Award Plaintiff such other and further relief as the Court may deem fair and just.

Dated this 25th day of August 2005.

VIRGINIA PAKENAS,
PLAINTIFF

By: _____
Philip N. Walker (ct02213)
Becker & Walker LLC
101 River Road
Collinsville, CT 06019
860/693-9151
860/693-9169 (facsimile)
philipnwalker@sbcglobal.net